15 F.3d 1086
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Glenn Ray LAMB, Plaintiff-Appellant,
v.
Joe MARTINEZ, Dep. Warden; Attorney General of the State of
Arizona, Defendants-Appellees.
 No. 93-15605.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1993.*
Decided Dec. 28, 1993.
 
 Before: SNEED, NOONAN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The district court dismissed Glenn Ray Lamb's 28 U.S.C. Sec. 2254 habeas petition as successive. He appeals. We affirm.
 
 
 3
 A state prisoner abuses the writ of habeas corpus when he asserts a claim that he could have made in a prior habeas petition. See McCleskey v. Zant, 499 U.S. 467, 111 S.Ct. 1454, 1467-68 (1991) (successive petitions alleging claim that was made or could have been made in prior petition is abuse of writ). But if a significant change in state law occurs following an initial habeas appeal, review is not foreclosed. Id. at 1470 (unavailable legal basis for claim excuses prior omission).
 
 
 4
 Lamb claims that his jury was instructed inadequately. He argues that State v. Lopez, 762 P.2d 545 (Ariz.1988) significantly changed Arizona law. He argues that he could not have brought this claim earlier because Lopez was decided after his direct appeals and first federal habeas petition.
 
 
 5
 But the Arizona Supreme Court, in State v. Comer, 799 P.2d 333 (1990), pointed out that Lopez only held that the state had not proven, in that case, that the defendant's use of force and his theft occurred contemporaneously. Arizona law had always required this concurrence, and Lopez did not create new law. Id. at 340-41.
 
 
 6
 Lamb's argument is really that the language of Sec. 13-1902(a) gives him a basis for relief--that his jury was not properly instructed according to what the government must prove. But the statute has not changed since his conviction. Lamb could have argued on direct appeal or in his first habeas petition that the jury instructions used in his trial failed to meet the requirements of Arizona's robbery statute. He did not.
 
 
 7
 Nor is his failure excused, as he contends, merely because the Recommended Arizona Jury Instructions that were used in his trial are popularly perceived as paradigm instructions. Widespread or customary acceptance of an instruction cannot excuse its noncompliance with the law; it cannot excuse Lamb's oversight, either.
 
 
 8
 Because Lamb's arguments do not in any way pertain to a claim of factual innocence, Sawyer v. White, 112 S.Ct. 2514, 2519 (1992), he is not entitled to relief under the "miscarriage of justice exception," id.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3